```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

DARRYL MAURICE GARRETT,           )
                                  )
                Petitioner,       )
                                  )
        v.                        )    No.  4:10CV654 FRB
                                  )
WILLIAM BURGESS,                  )
                                  )
                Respondent.       )

## **MEMORANDUM AND ORDER**

This cause is before the Court on Missouri state prisoner Darryl Maurice Garrett's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Petitioner filed the instant petition for writ of habeas corpus on April 9, 2010, in which he challenges the underlying probation revocation proceedings in State v. Garrett, Cause No. 06RA-CR01150-01, arising out of the Circuit Court of Randolph County, Missouri.  Specifically, petitioner claims that the court engaged in judicial misconduct when it revoked petitioner's probation and ordered execution of petitioner's previously-imposed sentence of imprisonment inasmuch as petitioner had satisfactorily completed the terms of the plea agreement to secure continued release on probation.  Petitioner claims that such revocation of probation and subsequent execution of sentence violated the terms

of the plea agreement pursuant to which he entered an <u>Alford</u> plea.  Petitioner also claims that he received ineffective assistance of revocation counsel inasmuch as counsel was aware of the court's intention regarding petitioner's sentence but did not attempt to remedy the error.  Petitioner contends that he raised these claims in a petition for writ of habeas corpus filed in the Circuit Court of Buchanan County, Missouri, pursuant to Missouri Supreme Court Rule 91, and nothing before the Court demonstrates otherwise.[1]  On March 2, 2010, the circuit court denied the petition.  (Resp. Exh. D.)

In response to petitioner's claims raised in the instant federal petition for writ of habeas corpus, respondent argues that the petition in its entirety is unexhausted inasmuch as petitioner has failed to bring any of his claims before any Missouri appellate court.  In the alternative, respondent contends that the claims are either procedurally defaulted or without merit.

Because the claims raised in the instant petition are unexhausted and an available state remedy exists by which petitioner can presently pursue his claims, the petition should be dismissed.

---

[1]The undersigned notes that although respondent has submitted a copy of the State's response to petitioner's Rule 91 state habeas petition as well as the circuit court's order denying state habeas relief, a copy of the petitioner's Rule 91 petition itself has not been submitted to the Court.  As such, this Court must rely on petitioner's sworn statement that the claims raised in the instant petition were raised by him in his state habeas petition.

Title 28 U.S.C. § 2254(b)(1)(A) and the Supreme Court bar the granting of habeas corpus relief unless it appears that the state prisoner has exhausted available state court remedies. See Gray v. Netherland, 518 U.S. 152, 161 (1996); Coleman v. Thompson, 501 U.S. 722, 730 (1991).

> This exhaustion requirement is [] grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights. . . . "Because it would be unseemly in our dual system of government for a federal district court to upset a state court [decision] without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."

Coleman, 501 U.S. at 731 (quoting Rose v. Lundy, 455 U.S. 509, 518 (1982) (quotation marks and citations in Rose omitted)).

See also Weeks v. Bowersox, 119 F.3d 1342, 1349-50 (8th Cir.1997) (en banc) ("Requiring the exhaustion of state remedies both allows the states to correct any possible constitutional violations without unnecessary intrusion by the federal courts and allows the state courts to create a factual record should the matter proceed to federal court."); accord Mellott v. Purkett, 63 F.3d 781, 784 (8th Cir. 1995). "To satisfy the exhaustion requirement, [petitioner] must show that he either made a fair presentation of

his claims to the state courts or that he has no other presently available state remedies to pursue." Gentry v. Lansdown, 175 F.3d 1082, 1083 (8th Cir. 1999). The petitioner here has not satisfied this requirement.

Missouri Supreme Court Rule 91 allows for a state habeas corpus petition to be filed in a circuit court, the Missouri Supreme Court, or the Missouri Court of Appeals. Mo. S. Ct. R. 91.01(a). A challenge to probation revocation proceedings is a proper subject for a Rule 91 petition. See Brown v. Missouri Bd. of Prob. & Parole, 727 F. Supp. 524, 531 (W.D. Mo. 1989) and cases cited therein; see also, e.g., Romano v. Wyrick, 681 F.2d 555 (8th Cir. 1982). Except in capital cases, Rule 91.02 requires that the petition be filed first in the circuit or associate circuit court for the county in which the person is held in custody. Thereafter, to be considered exhausted for purposes of federal habeas relief, the claims must be presented in a Rule 91 state habeas petition to either the Missouri Court of Appeals or the Missouri Supreme Court. Romano, 681 F.2d at 556-57. The claims need not be presented to *both* the court of appeals and the Supreme Court, however. Id. at 557.

Here, as in Romano, the petitioner filed in the appropriate circuit court a Rule 91 petition challenging his probation revocation proceedings, but, upon the petition's denial, did not seek relief by way of a Rule 91 petition in either the

Missouri Court of Appeals or the Missouri Supreme Court. There is no time limitation within which such a petition must be brought. Fletcher v. Armontrout, 725 F. Supp. 1075, 1086 (W.D. Mo. 1989). Because petitioner may still obtain relief on his claims by filing a Rule 91 petition for habeas corpus in the Missouri Court of Appeals or the Missouri Supreme Court, the claims raised in this federal habeas petition are unexhausted and should be dismissed without prejudice. Romano, 681 F.2d at 557. Although a federal habeas court is permitted in its discretion to address the merits of unexhausted claims, 28 U.S.C. § 2254(b)(2), the undersigned notes that an unexhausted claim cannot provide the basis upon which a habeas petition may be *granted.* Id. Accordingly, any award of habeas relief is precluded on a petition which contains only unexhausted claims, such as the petition here.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that the petition of Missouri state prisoner Darryl Maurice Garrett for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) is dismissed in its entirety without prejudice for petitioner's failure to exhaust available state law remedies.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue in this cause inasmuch as petitioner has failed to make a substantial showing that he has been denied a

constitutional right.

**IT IS FURTHER ORDERED** that all motions which remain pending in this cause are denied as moot.

_____
UNITED STATES MAGISTRATE JUDGE

Dated this  _30th_  day of November, 2010.